**SO ORDERED.**

**SIGNED this 10 day of March, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

TAMMY HARDY MOZINGO,

    DEBTOR.                                        Case No. 08-03321-8-JRL
                                                                  Chapter 13

_____

### ORDER

This case is before the court on the Chapter 13 Trustee's objection to the claim of Federated Financial Corporation of America ("Federated Financial"). The court conducted a hearing on this matter on February 3, 2009 in New Bern, North Carolina.

### BACKGROUND

The debtor filed for relief under Chapter 13 of the Bankruptcy Code on May 16, 2008 and appeared at the § 341 meeting of creditors on June 17, 2008. Prior to filing, the debtor entered into a credit card agreement (the "Agreement") with Advanta Bank Corporation ("Advanta Bank"). On May 14, 2008, Advanta Bank assigned its interest in the Agreement to Federated Financial. Due to the close proximity in dates between the assignment and petition, the debtor was unaware of the assignment on the date of petition and did not give notice of its filing to Federated Financial. In

addition, Federated Financial failed to notify the debtor of its interest in her credit card obligation. On October 24, 2008, Federated Financial initiated an action against the debtor in state court for breach of the Agreement and recovery of $31,782.00 plus interest at the contract rate of 34.99% per annum. On December 1, 2008, the debtor's attorney informed Federated Financial of the debtor's pending bankruptcy and Federated Financial subsequently dismissed the state court action. On December 11, 2008, Federated Financial filed a proof of claim against the debtor in the amount of $31,842.93. On December 29, 2008, the Chapter 13 Trustee filed an objection to Financial Federated's claim because it was not timely filed.

## DISCUSSION

If a party in interest objects to a claim, the Bankruptcy Code provides that the court, after notice and a hearing, should not allow the claim if "proof of such claim is not timely filed . . . ." 11 U.S.C. § 502(b)(9). In a Chapter 13 case, a proof of claim is untimely filed if it is not filed within 90 days after the meeting of creditors called under § 341. FED. R. BANKR. P. 3002(c). A creditor whose claim is not scheduled must file a proof of claim within the time prescribed or else lose its treatment as a creditor for the purposes of voting and distribution. FED. R. BANKR. P. 3003(c)(2). In the case at bar, the meeting of creditors was held on June 17, 2008. Because Federated Financial did not file its proof of claim until December 11, 2008, its proof of claim was filed after the 90-day deadline. As a result, Federated Financial's proof of claim was not timely filed under Rule 3002(c).

Federated Financial argues that the court should excuse its failure to file a timely proof of claim because it had no notice of the debtor's bankruptcy until after the deadline passed. In general, the Federal Rules of Bankruptcy Procedure provide the court with the authority to

enlarge certain deadlines.  FED. R. BANKR. P. 9006(b).  However, the court's power to extend the deadline for filing a proof of claim in a Chapter 13 case is limited to the exceptions provided under Rule 3002(c).  FED. R. BANKR. P. 9006(b)(3); 3002(c)(1)-(6).  See In re Nwonwu, 362 B.R. 705, 707 (E.D. Va. 2007) ("the claims bar date . . . may not be extended under the court's general power to extend deadlines but only as specifically provided in Rule 3002(c)").  In Nwonwu, the Bankruptcy Court for the Eastern District of Virginia held that a creditor was not excused from filing an untimely proof of claim even though the creditor was not listed in the debtor's petition and had no notice of the bankruptcy case.  Id., 362 B.R. at 708.  Similar to the creditor in Nwonwu, Federated Financial argues that it filed a proof of claim as soon as it received notice of the pending bankruptcy.  However, the court finds that Federated Financial is disallowed from filing an untimely proof of claim despite its lack of notice.

To the extent that Federated Financial argues for an equitable exception to the disallowance of its untimely proof of claim, the court finds that equitable relief is neither available nor warranted in this case.  Although the bankruptcy court is a court of equity, the court may not apply equitable principles for the purpose of circumventing unambiguous statutory requirements.  See, e.g., In re Landbank Equity Corp., 973 F.2d 265, 271 (4th Cir. 1995) (quoting Norwest Bank Worthington v. Ahlers, 485 U.S. 197, 206, 108 S. Ct. 963, 969 (1988) ("whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code")); In re Gardenhire, 209 F.3d 1145, 1152 (9th Cir. 2000) ("application of equitable tolling to the [period for filing] proofs of claim pursuant to § 502(b)(9) . . . is inconsistent with the plain meaning of the Bankruptcy Code and Rules").  Furthermore, as counsel for Federated Financial conceded at hearing, Federated Financial has a

business model under which it has not sought to be licensed to do business in North Carolina, and does not notify debtors that it has purchased their claims.  Instead, Federated Financial chose to remain anonymous and operate as a "stealth creditor" until it filed a state court action against the debtor in October 2008.  As a result, the debtor could not be expected to list Federated Financial as a creditor when it filed its petition in May 2008.  It follows that the disallowance of its claim is Federated Financial's own doing.

Based on the foregoing, the objection to claim is SUSTAINED.

**"END OF DOCUMENT"**